IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM N. ODOM, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CV 01-B-2094-S |
| | ) | |
| JOHN E. POTTER, Postmaster General, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTERED**
**SEP 18 2003**

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion for Summary Judgment. (Doc. 11.)[1] Plaintiff William N. Odom, Jr., has sued his employer, the United States Postal Service, by and through John E. Potter, Postmaster General,[2] alleging that defendant discriminated against him on the basis of race, gender, and age in violation of federal law. Upon consideration of the record, the submission of the parties, and the relevant law, the court is of the opinion that defendant's Motion for Summary Judgment, (doc. 11), is due to be granted.

### I. SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is

---

[1] Reference to document number, ["Doc."], refers to the number assigned to each document filed in the court's record.

[2] As originally filed, the Complaint named William J. Henderson, Postmaster General, as the defendant. Since the filing of the Complaint, Henderson has retired and he was replaced by John E. Potter. By rule, Potter was automatically substituted for Henderson. Fed. R. Civ. P. 25(d)(1).

entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met his burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and, therefore, evidence favoring the non-moving party is to be believed and all justifiable inferences are to be drawn in his favor. *See id.* at 255. Nevertheless, the non-moving party need not be given the benefit of every inference but only of every *reasonable* inference. *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## II. **STATEMENT OF FACTS**

Plaintiff is a white male and was 61 years old at the time of the decision at issue. (Doc. 3, Attach.) Plaintiff has worked for defendant for over forty years, and, since 1990, he has been a Distribution Clerk. (Doc.1 ¶ 2.) In the 1970s, plaintiff served as an Ad Hoc

EEOC Counselor and Acting (204-B) Supervisor. Also, from 1975 until April 1977, plaintiff served as President of the Memphis, Tennessee Local of the APWU. (Doc. 16, Ex. M at 2.)

In April 1999, defendant issued a Vacancy Announcement for the position of Labor Relations Specialist. (Doc. 16, Ex. A.) According to the Vacancy Announcement, the "functional purpose" of the position of Labor Relations Specialist was to "[r]esolve[ ] districtwide labor relations and equal employment opportunity (EEO) problems affecting arbitration, grievance, contract administration, and labor practices and procedures." (*Id.*) The position could be filled at either a EAS-17 or EAS-19 level. (*Id.*) The requirements for the position, which varied slightly between the levels, were stated as follows:

| **EAS-17 REQUIREMENTS:** | **EAS-19 REQUIREMENTS:** |
|---|---|
| 1. Knowledge of labor relations programs, policies, and agreements at a level sufficient to advise local managers and to train supervisors. | 1. Knowledge of labor relations programs, policies, procedures, and agreements at a level sufficient to advise local managers and employees, provide contract interpretation, and to develop and conduct training programs. |
| 2. Ability to collect, integrate, and analyze information in support of grievance and arbitration cases and local negotiations. | 2. Ability to collect, integrate, and analyze information in support of grievance and arbitration cases and local implementation, negotiations, and contract administration. |
| 3. Ability to prepare position papers on grievance appeals. | 3. Ability to prepare position papers on grievance appeals. |
| | 4. Ability to conduct audits of labor relations policies and procedures to ensure consistency in application. |

3

| | |
|---|---|
| 4. Ability to represent the Postal Service in arbitration and EEO hearing and Merit System Protection Board cases. | 5. Ability to represent the Postal Service in arbitration and EEO hearing and Merit System Protection Board cases. |
| 5. Ability to communicate orally with supervisors, managers, and representatives of craft organizations in order to resolve problems and minimize formal grievance actions. | 6. Ability to communicate orally to provide guidance and training to managers and employees and to participate in prearbitration and arbitration with the union. |

(*Id.*) Supervisory experience was not a requirement for the position. (*Id.*)

Defendant received fifteen applications for the position. (Doc. 16 ¶ 10.) These applications were processed by Beth Bobulinski, a Human Resources Specialist. Bobulinski rejected one application because it was untimely filed; the selecting official rejected one application, which was for a lateral reassignment to the position. (*Id.* ¶ 10.) The remaining thirteen applications were forwarded to a Review Committee. (*Id.*)

The Review Committee was composed of Mike Allison, Mary Billingsley, and Debi Edmunds. (*Id.* ¶12.) The purpose of the Review Committee was "to reduce the number of applications to only those highly recommended." (Doc. 17, Edmunds Depo., Ex. 6 at 7.) The Review Committee selected five applicants as "best meeting the requirements of the position." (Doc. 12 ¶ 5; doc. 14 ¶ 4; doc. 15 ¶ 5.) The Review Committee's decision was based on the applications only. (Doc. 12 ¶ 3; doc. 14 ¶ 4; doc. 15 ¶ 4.) The five applicants selected by the Review Committee, whose applications were forwarded to the selecting official, were Kimberly Blanding (a 36 year-old female), Thomas Fullman (a 53 year-old male), Diane Hogan (a 42 year-old female), James Murphy (a 51 year-old male), and Kathy Young (a 36 year-old female). (Doc. 15 ¶ 5; doc. 16 ¶ 11.)

4

The record in this case contains evidence from each member of the Review Committee as to why he or she did not select plaintiff as a "highly recommended" applicant. Each member of the Review Committee indicated that he or she did not recommend plaintiff because his application did not demonstrate adequately that he had the knowledge and abilities to meet all of the position's requirements. (*See* doc. 12 ¶ 6; doc. 14 ¶ 5; doc. 15 ¶ 5.)

The application form used by defendant instructs the applicant to "[e]nter the requirement in the space provided and explain your qualifications in reference to the requirement. A situation/task-action-result format for describing qualifications is recommended." The "situation/task-action-result format" is also known as the "STAR format." An applicant using the STAR format in completing his job application provides the decision-maker with examples of historic work activity that illustrate how the applicant meets specific knowledge and ability requirements of the sought-after position. (Doc. 15 ¶ 4.)

Michael Allison stated that he did not select plaintiff as "highly recommended" because "[t]he information [plaintiff] provided to demonstrate he met the requirements of the position was marginal and in some instances he failed to show any results." (Doc. 12 ¶ 6.) He said:

> For example, Mr. Odom was required to demonstrate the ability to prepare position papers on grievance appeals and the ability to conduct audits of labor relations policies and procedures. In each instance, Mr. Odom failed to provide a detailed summary of his qualifications that included the situation/task, action, and result."

5

(*Id.*) Also, Allison also found it "significant" that plaintiff did not list references on his application as required. (*Id.*)

Mary Billingsley stated her reason for not selecting plaintiff as follows:

> I did not select [plaintiff] as best meeting the requirements of the position because his response to each position requirement and his examples failed to show me that he had the necessary knowledge and ability for all of the position requirements. It is recommended that the candidate submit the answers in a STAR format showing a situation [or] task, action, and result to demonstrate knowledge[,] skills, and ability (KSA). Mr. Odom mainly stated that he could do it, but he didn't give any specifics of handling any situations. The selected candidates did a better job of demonstrating that they met the requirements of the position.

(Doc. 14 ¶ 5.)

Debi Edmunds testified that plaintiff's application "did not reflect that he had the requisite knowledge and ability for each position requirement." (Doc. 15 ¶ 5.) She said that his application "lacked the necessary specificity to allow me to determine the STAR." (*Id.*) Also, she stated that plaintiff's ability statements referred to the time he was president of Local APWU, and, since he was union president from 1975 to 1977, Edmunds considered plaintiff's experience to be "dated." (*Id.*) Another reason Edmunds did not select plaintiff is because he did not demonstrate that he had significant supervisory experience. (Doc. 15 ¶ 6.) She stated that, although plaintiff indicated he was detailed to an acting supervisor position in 1977, he did not indicate the length of that assignment. Therefore, she accorded it little weight.

### III. DISCUSSION

Defendant contends that he is entitled to summary judgment as to plaintiff's claims because plaintiff cannot establish a prima facie case of discrimination and because plaintiff cannot establish that the articulated reasons the Review Committee for not selecting plaintiff were a pretext for race, sex, and/or age discrimination.

### A. RACE DISCRIMINATION

Plaintiff testified in his deposition that he does not believe that race was a factor in his non-selection. (Doc. 17, Pl. Depo. at 53.) He also testified, "If I knew how, and I haven't researched, I would drop the race part of it." (*Id.*)

Because plaintiff does not oppose summary judgment as to his claim of race discrimination, defendant's Motion for Summary Judgment is due to be granted as to plaintiff's race discrimination claim and such claim is due to be dismissed.

### B. GENDER AND AGE DISCRIMINATION

Plaintiff alleges that he was not selected on the basis of his age and his gender. To establish a prima facie case of discrimination with regard to his non-selection, plaintiff must show that: (1) he is in a protected class; (2) he was qualified for the position; (3) he was not selected; and (4) he was treated less favorably than a similarly-situated employee outside the protected class. *See Pearson v. Macon-Bibb County Hosp. Auth.*, 952 F.2d 1274, 1280 (11th Cir. 1992).

If plaintiff demonstrates a prima facie case, the burden shifts to defendant to articulate a non-discriminatory reason for the challenged decision. *Combs v. Plantation Patterns*, 106

7

F.3d 1519, 1528 (11th Cir. 1997)(citing *and Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 254-55 (1981)). If defendant carries this burden of production, "the presumption of discrimination [created by plaintiff's prima facie showing] is eliminated, and the plaintiff must submit evidence showing that the articulated reason is pretextual. If pretext is established, summary judgment in favor of the defendant is generally inappropriate." *Walker v. Prudential Property & Cas. Ins. Co.*, 286 F.3d 1270, 1274 (11th Cir. 2002)(citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000); *Chapman v. AI Transport*, 229 F.3d 1012, 1025 n. 11 (11th Cir. 2000); *Combs*, 106 F.3d at 1538).

Plaintiff may establish that an articulated reason is a pretext for unlawful discrimination "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Carter v. City of Miami*, 870 F.2d 578, 584 (11th Cir. 1989)(quoting *Goldstein v. Manhattan Industries*, 758 F.2d 1435, 1445 (11th Cir. 1985)(citing *Burdine*, 450 U.S. at 256)). If a plaintiff chooses to establish pretext by showing that his employer's proffered reason is unworthy of credence, he must attack that reason "head on and rebut it." *Chapman*, 229 F.3d at 1030. He must offer evidence that "casts sufficient doubt on the defendant's proffered nondiscriminatory reasons to permit a reasonable fact finder to conclude that the employer's proffered 'legitimate reasons were not what actually motivated its conduct.'" *Combs*, 106 F.3d at 1538 (quoting *Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 605 (11th Cir. 1994)).; *see also Damon v. Fleming Supermarkets Of Florida, Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999).

The "pretext analysis focuses on a narrow question: Would the proffered evidence allow a reasonable factfinder to conclude that the articulated reason for the decision was not the real reason?" *Walker*, 286 F.3d at 1276 (citations omitted).

For purposes of deciding defendant's Motion for Summary Judgment, the court assumes that plaintiff can establish a prima facie case of unlawful discrimination with regard to his non-selection claims based on age and gender. Nevertheless, the court finds that plaintiff has failed to produce sufficient evidence that defendant's articulated reasons for his non-selection were a pretext for unlawful discrimination.

Plaintiff argues:

> The Agency has offered as it[s] legitimate nondiscriminatory reason that the five (5) names submitted to the selecting official . . . is that those named had objectively better documented experience than the plaintiff. The proffered reason was that the [applicants highly recommended by the Review Committee had] documented experience [that] was supervisory experience."

(Pl. Mem. in Opp. to Mot. for Summ. J. at 18.) Contrary to plaintiff's assertion, defendant's articulated reason for plaintiff's non-selection is not that he failed to document "supervisory experience," which the court notes is not a requirement of the position. Rather, defendant contends the members of the Review Committee did not select plaintiff because he did not adequately document his knowledge and abilities for each of the position's requirements.

"'Discrimination is about actual knowledge, and real intent, not constructive knowledge and assumed intent.' When evaluating a charge of employment discrimination, then, [the court] must focus on the actual knowledge and actions of the ***decision-maker***." *Walker*, 286 F.3d at 1274 (quoting *Silvera v. Orange County Sch. Bd.*, 244 F.3d 1253, 1262

9

(11th Cir.2001); citing *Bass v. Board of County Comm'rs*, 256 F.3d 1095, 1105 (11th Cir.2001))(emphasis added). The Review Committee – Allison, Billingsley, and Edmunds – made the decision not to "highly recommend" plaintiff for the Labor Specialist position. All three members of the Review Committee testified that plaintiff was not selected because his application did not properly document his relevant knowledge and abilities for all position requirements by reference to specific actions taken to complete actual situations or tasks and the results of such actions. (Doc. 12 ¶ 6; doc. 14 ¶ 5; doc. 15 ¶¶ 4-5.) According to Billingsley, "Mr. Odom mainly stated that he could do [all of the position requirements], but he didn't give any specifics of handling any situations." (Doc. 14 ¶ 5.) Allison testified that he also found plaintiff's application was lacking because plaintiff failed to list any references on his application. (Doc. 12, ¶ 6.) Only Edmunds testified that, in addition to not properly documenting his knowledge and abilities, she did not select plaintiff because he did not have "initial level supervisor experience," which she deemed "extremely important." (Doc. 15 ¶ 6.)

Plaintiff has not offered any evidence to rebut head-on defendant's articulated reason that the Review Committee did not find him to best meet the job requirements because he did not properly document his knowledge and abilities. Plaintiff offered no evidence that he supplied sufficient documentation of specific examples of his knowledge and abilities, or that his failure to document sufficient specific examples of his knowledge and abilities was not the real reason for the decision of the Review Committee.

10

Plaintiff argues that four of the five applicants selected did not meet requirement 4 of the EAS-17 position or requirement 5 of the EAS-19 position, concerning ability to represent defendant in arbitration, EEO hearings, and MSPB cases because they did not have actual experience in such proceedings. (*See* Pl. Mem. in Opp. to Mot. for Summ. J. at 21.) Nothing in the record indicates that prior experience in such proceedings was a job requirement; rather, the requirement refers to the "ability" to represent defendant in such proceedings. (Doc. 16, Ex. A.) Moreover, contrary to plaintiff's assertion, all selected applicants, as well as plaintiff, demonstrated ability in this area.[3] Plaintiff's contention that four of the five selected applications did not have the ability to represent defendant is not supported by the record and, even if supported by the record, is insufficient to rebut defendant's articulated reason for his non-selection, which is his failure to adequately document his knowledge and abilities for all of the position's requirements.

Based on the foregoing, the court finds that plaintiff has not established that defendant's articulated reason for non-selection was pretextual. Therefore, defendant's motion for summary judgment is due to be granted and plaintiff's claim based on his non-selection is due to be dismissed.

---

[3] The selected applicants received either a rating of "1" (indicating "minimally acceptable" demonstrated ability) or a "2" (indicating "strong" demonstrated ability) as to requirement 4. (Def. Mem. in Supp. of Mot. for Summ. J. at 3.) Plaintiff received a "2" from Allison and a "1" from Edmunds for requirement 4. (*Id.*) Thus, plaintiff's score as to this requirement was comparable to the selected applicants.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that there are no material facts in dispute and defendant is entitled to judgment as a matter of law. An order granting defendant's motion for summary judgment, (doc. 11), will be entered contemporaneously with this Memorandum Opinion.

**DONE** this  18th  day of September, 2003.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge